78

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED
JUL 17 2000
Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| BLANCA PINA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-96-89 |
| | § | |
| UNITED STATES POSTAL SERVICE, ET AL., | § | |
| | § | |
| Defendants. | § | |

## ORDER GRANTING SUMMARY JUDGMENT

BE IT REMEMBERED that on July 17, 2000, the Court considered the following pending motions:

1. Defendants' motion for leave to file amended answer (Dkt. No. 47) is GRANTED;

2. Plaintiff's motion for summary judgment (Dkt. No. 52) is DENIED;

3. Defendants' motion for partial dismissal (Dkt. No. 53-1) is DENIED;

4. Defendants' motion for partial summary judgment (Dkt. No. 53-2) is GRANTED;

5. Defendants' motion for full summary judgment (Dkt. No. 60) is GRANTED;

6. Defendants' motion *in limine* (Dkt. No. 61) is MOOT;

7. Plaintiff's motion *in limine* (Dkt. No. 65) is MOOT;

8. Defendants' motion for leave to file an unopposed motion to appear *pro hac vice* (Dkt. No. 68) is GRANTED; and

9. Defendants' motion to appear *pro hac vice* (Dkt. No. 69) is GRANTED.

In her response to Defendant's motion for summary judgment (Dkt. No. 58), Plaintiff clarifies that she is making two claims against United States Postal Service. In essence she drops any claims against individually named Defendants or the American Postal Workers Union, AFL-CIO. Thus, Plaintiff maintains a Family Medical Leave Act (FMLA)

1

and a hybrid fair representation claim against the United States Postal Service. The Court reviews all motions accordingly.

**Summary judgment standard**

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56 (c); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The nonmoving party bears the burden of setting forth specific facts showing that there is a genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Existence of a factual dispute will not defeat a motion for summary judgment unless the disputed facts might affect the outcome of the lawsuit under the governing law. *See id.* at 247-48.

The moving party bears the initial burden of informing the Court of the issues and the evidence that supports summary judgment. *See Celotex*, 477 U.S. at 323. Then the burden shifts to the nonmoving party to establish the existence of a genuine issue of material fact and all justifiable inferences are drawn in favor of the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87 (1986). The nonmoving party must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 586-87 (quoting Fed. R. Civ. P. 56 (c)).

**Defendants' motion for partial summary judgment**

Defendants argue that Plaintiff's hybrid fair representation claim must be dismissed because the Union did not breach its duty of fair representation. On the other hand, Plaintiff asserts that it is undisputed that the Union provided no representation to Plaintiff during Step 2 of the grievance process. To the contrary, Plaintiff provides no evidence and relies on conclusory allegations to dispute Defendants' motion for summary judgment. Because there is no genuine issue as to a material fact, Defendants' motion for partial summary judgment is GRANTED. *See Landry The Cooper/T Smith Stevedoring Co.*, 880 F.2d 846, 852 (5th Cir. 1989) (a breach of the duty of fair representation occurs "only when the union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith") (quoting *Vaca v. Sipes*, 386 U.S. 171, 190 (1967)).

2

**Defendants' motion for full summary judgment**

Defendants argue that Plaintiff's FMLA claim must be dismissed. Plaintiff established a disability during the relevant time period; therefore, Plaintiff did not suffer loss of compensation *because* of the alleged violations. Succinctly, Plaintiff lost compensation because of her inability to work, not because of a supposed FMLA violation. Defendants provide competent summary judgment evidence to support their position. Plaintiff's response does not address the legal point and provides no contradictory evidence. Therefore, Defendants' motion for full summary judgment is GRANTED. *See Reynolds v. Phillips & Temro Indus., Inc.,* 195 F.3d 411, 414-15 (8th Cir. 1999) (holding that evidence showing that employee could not perform essential functions of his position defeated FMLA claim).

**Conclusion**

Defendants' motions for partial summary judgment and for full summary judgment are GRANTED. Thus, the pending motions *in limine* are MOOT.

DONE at Brownsville, Texas, this 17 day of July 2000.

Hilda G. Tagle
United States District Judge

3