83

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

JAN 2 4 2001

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| Blanca Pina, | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. B-96-89 |
| The United States Postal Service, et al., | § § | |
| Defendants. | § § | |

## ORDER

BE IT REMEMBERED that on January 23, 2001, the Court **DENIED** Plaintiff's Motion to Alter or Amend Judgment and for New Trial [Dkt. No. 81].

**I. Procedural Background**

The Court granted summary judgment in the Defendant's favor on July 17, 2000 [Dkt. No. 78], dismissing the Plaintiff's Family Medical Leave Act ("FMLA") claim and hybrid fair representation / contract violation claim. For the FMLA claim, the Plaintiff had failed to adduce proof to contradict the Defendant's evidence that it was the Plaintiff's inability to do work, and not a supposed FMLA violation, that resulted in lost compensation. For the hybrid claim, the Plaintiff provided no evidence and relied on conclusory allegations to refute the Defendant's evidence that the Union did not breach its duty of fair representation.

**II. The Law on Altering or Amending Judgments**

A judgment may be altered or amended after its entry to correct manifest errors of law or fact. Fed. R. Civ. P. 59(a); see Lennar Homes, Inc. v. Masonite Corp., 32 F.Supp.2d 396, 398 (E.D.La. 1998), citing Lavespere v. Niagara Machine & Tool Works, Inc., 910 F.2d 167, 174 (5th Cir.1990), abrogated on other grounds by Little v. Liquid Air Corp., 37 F.3d 1069, 1075 n. 14 (5th Cir.1994) (en banc). Reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly. Smith v. Pan American Life Ins. Co., 1998 WL 690959, *1 (E.D.La.).

Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion to balance the need for finality against the need for justice in granting or denying the motion. See Lavespere, 910 F.2d at 174; Smith,1998 WL 690959 at *1, citing Edward H. Bohlin Co. v. Banning Co., 6 F.3d 350, 355 (5th Cir., 1993). Among the factors that may be considered are:

(1) the reasons for the moving party's default,

(2) the importance of the omitted evidence to the moving party's case,

(3) whether the evidence was available to the non-movant before she responded to the summary judgment motion, and

(4) the likelihood that the nonmoving party will suffer unfair prejudice if the case is reopened. Fidelity & Deposit Co. of Maryland v. Omnibank, 1999 WL 970526, *3 (E.D.La.), citing Lavespere, 910 F.2d at 174.

The Court will address these factors for each of the Plaintiff's claims.

## III. The Plaintiff's FMLA claim

(1) <u>The reason for the Plaintiff's default</u>

The Plaintiff defaulted because she adduced no evidence to show that she lost compensation from a supposed FMLA violation and *not* from the fact that she was unable to do the work. In her instant motion [Dkt. No. 81], the Plaintiff presents no evidence to refute the fact that she was simply unable to do the work. The Plaintiff does not allege that the facts in the summary judgment record were incorrect or that the law at the time was erroneous. Thus, this can not be a basis for amendment.

(2) <u>The importance of the omitted evidence to the Plaintiff's case</u>

The exhibits attached to the Plaintiff's motion [Dkt. No. 81] consist of her notice of dismissal, her suspension notice, numerous absence forms, hand surgery photos, etc. These exhibits do nothing to prove that she was able to work, thereby demonstrating that she merited compensation in the face of a supposed FMLA violation. Therefore, this factor does not favor amendment.

2

(3)     The availability of evidence to respond to the motion for summary judgment

A judgment may also be altered or amended if the moving party presents newly discovered evidence that was previously unavailable.  See Fidelity & Deposit Co. of Maryland v. Omnibank, 1999 WL 970526, *3 (E.D.La), citing Stephens v. Witco Corp., 1998 WL 426214, *1 (E.D.La.).  However, a party is not entitled to have a summary judgment set aside on the basis of evidence not produced prior to summary judgment unless she demonstrates a valid excuse for the failure to produce the evidence prior to the court's summary judgment ruling.  See Wallace v. Texas Tech Univ., 80 F.3d 1042, 1052 (5th Cir. 1996), citing Waltman v. Int'l Paper Co., 875 F.2d 468, 473-74 (5th Cir.1989).  A district court may properly refuse to review the new evidence because the moving party failed to allege or show any reason for failing to provide the evidence prior to summary judgment.  Id.

In the instant matter, the Plaintiff does not indicate, nor can the Court decipher, whether the exhibits attached to her motion were available before or after summary judgment.  Even if the Plaintiff gave the Court a valid excuse for producing these exhibits after summary judgment, whether the Plaintiff had them before or after summary judgment is moot because the exhibits do not prove that she was able to work.  See section (2).

Moreover, although the Plaintiff states that she received disability benefits in order to argue that she is entitled to demonstrate her ability to work with accommodation, she neither provides evidence to support her alleged receipt of disability benefits nor evidence to show her ability to work.  Furthermore, a Rule 59(e) motion cannot be used to relitigate issues with new arguments that could and should have been presented before the judgment was rendered.  See Omnibank, 1999 WL 970526 at *3, citing Simon v. United States, 891 F.2d 1154, 1159 (5th Cir.1990).  The Plaintiff cannot make a new argument based on the receipt of disability benefits because she failed to raise it before summary judgment was rendered.  Therefore, this factor weighs against amendment.

(4)     Unfair prejudice

The Defendant will suffer unfair prejudice if the case is reopened because the Plaintiff failed to make out a genuine issue of fact in response to the Defendant's

exhibits before or after summary judgment is moot, and thus, this factor does not favor amendment.

### (4) Unfair prejudice

The Plaintiff still fails to provide evidence that the Union failed to timely file her Step 2 appeal. Therefore, the Defendant will be prejudiced from the reopening of this case. As such, this factor militates against amendment.

## V. Conclusion

The Court **DENIES** Plaintiff's Motion to Alter or Amend Judgment and for New Trial [Dkt. No. 81] because none of the factors considered by the Court weigh in favor of altering or amending summary judgment in favor of the Defendant.

DONE at Brownsville, Texas, this 24th day of January 2001.

Hilda G. Tagle
United States District Judge

5